```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                    HARRISON DIVISION
```

DONALD R. WILSON and
PATSY WILSON                                           PLAINTIFFS

          v.           Civil No. 07-3032

WEBER FAMILY ENTERPRISES, INC.
d/b/a JORDAN MARINA                                    DEFENDANT

### ORDER

NOW on this 6th day of March, 2008, the above referenced matter comes on for this Court's consideration of the **Motion to Remand Case Back to State Court** (document #15) filed by the plaintiffs, Donald R. Wilson and Patsy Wilson. The Court, having reviewed the pleadings of the parties, and all other matters of relevance before it, and being well and sufficiently advised, finds and orders as follows:

1.  The plaintiffs, Donald R. Wilson and Patsy Wilson, initiated this action in the Circuit Court of Baxter County, Arkansas on July 10, 2007 against the defendant Weber Family Enterprises, Inc. d/b/a Jordan Marina.

2.  The defendant removed the matter to this Court on July 27, 2007. In its notice of removal, the defendant asserts that the action may be removed to this Court pursuant to 28 U.S.C. § 1441 because diversity of citizenship jurisdiction exists.

3.  The plaintiffs have now filed their **Motion to Remand Case Back to State Court** (document #15). The plaintiffs argue that this matter should be remanded to the Circuit Court of Baxter

County, Arkansas because removal to this Court violates the "forum defendant rule."

4.   "Under the so-called 'forum defendant rule,' a non-federal question case 'shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" Horton v. Conklin, 431 F.3d 602, 604 (8th Cir. 2005)(quoting 28 U.S.C. § 1441(b)).  It is undisputed that the defendant is an Arkansas corporation with its principle place of business also being in the State of Arkansas.  Thus, clearly, defendant's Arkansas citizenship causes removal of this matter to violate the forum defendant rule.  Id.

However, the defendant argues that the violation of the forum defendant rule is a mere procedural defect which has been waived by the plaintiffs because their motion for remand was not filed within thirty (30) days of the notice of removal.

The Court does not agree.  The Court instead finds that the removal of this matter is jurisdictionally defective.  The Eighth Circuit has repeatedly found that a violation of the forum defendant rule is a jurisdictional defect and "'not a mere procedural irregularity capable of being waived.'"  Horton v. Conklin, 431 F.3d 602, 605 (8th Cir. 2005)(citing Hurt v. Dow Chemical Co., 963 F.2d 1142, 1146 (8th Cir. 1992)).

**IT IS, THEREFORE, ORDERED** that the plaintiffs' **Motion to Remand Case Back to State Court** (document #15) is **granted.**

**IT IS, FURTHER ORDERED** that the Clerk of Court is directed to remand this matter to the Circuit Court of Baxter County, Arkansas.

**IT IS SO ORDERED.**

/S/JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE